(No. 35503.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LOSYMAN JONES, Plaintiff in Error.

*Opinion filed March 31, 1960.*

JULIUS LUCIUS ECHELES and BARRY GOODMAN, both of Chicago, for plaintiff in error.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Defendant was convicted of the crime of unlawfully selling narcotic drugs and sentenced to the penitentiary for a term of not less than ten nor more than fifteen years. A writ of error has been issued to review the judgment of conviction. Defendant contends that the evidence was insufficient to establish his guilt beyond a reasonable doubt and also alleges that the trial judge was prejudiced against him.

The principal argument advanced by defendant in support of his contention that the evidence was insufficient to establish his guilt is that the narcotics which were admitted into evidence were never properly identified as the same narcotics which were sold by defendant. A proper consideration of this contention requires a detailed review and analysis of the evidence. One Augustus Banks, a narcotics addict, testified for the State that on the day of the alleged sale of narcotics he met certain police officers at detective headquarters and was searched by these officers. No narcotics or money were found on his person at the time of the search. The officers gave him five one-dollar bills after recording the serial numbers on these bills and Banks went to a tavern where he met the defendant and told him that he wanted five dollars worth of "stuff." He and the defendant went to the defendant's apartment and Banks gave the defendant the money and defendant delivered five capsules to Banks. Banks turned the capsules over to police officer Hines and told him where defendant was.

Officer Hines confirmed Bank's testimony as to the preliminary search and the fact that Banks had no narcotics on his person at the time of the search. He also testified that he had recorded the serial numbers of the money which he gave to Banks. He testified that after he talked to Banks following Banks's visit to the defendant's apartment, he located the defendant and placed him under arrest. The five one-dollar bills were found on defendant's person at

the time of his arrest. Defendant admitted making the sale and took officer Hines to another apartment where he said he had bought the narcotics. Hines testified that when Banks gave him the capsules he placed them in his pocket until he returned to the detective bureau, where he inventoried them, placed them in a wrapper and sealed the wrapper in an envelope and took the sealed envelope to the laboratory for analysis. At the trial a sealed envelope bearing the signature of Charles Vondrak, a police chemist, was produced by the prosecuting attorney. The prosecuting attorney opened this envelope in open court and inside this sealed envelope was another envelope which had been slit open. This envelope bore Hines's signature and was identified by him as the envelope which he had taken to the laboratory. This second envelope was likewise opened at the time of the trial and inside of that envelope was a third envelope with a substance inside. Vondrak testified that officer Hines brought him a sealed envelope which had been signed by Hines. He slit the envelope open and put it in the vault because it was late in the afternoon and he did not work on the case that day. He got the envelope out of the vault on the following day and made a chemical analysis of the substance inside, resulting in a finding that the substance was heroin. In the process of testing it was necessary to crush the capsules. After he had completed the tests he placed the fragments of the capsules back into a small envelope which he sealed and marked. He put this small envelope back in the envelope which he had received from Hines and put both of these envelopes into a larger envelope which he sealed and signed and placed in a vault in the laboratory. Officer Hines picked this envelope up the following day.

Defendant first contends that the chain is incomplete in that the record does not show to whom Hines delivered the envelope when he took it to the laboratory for analysis. This contention is somewhat surprising and is completely

refuted by defendant's own abstract of Vondrak's testimony, which shows that he testified that Hines brought this envelope to him. In further support of his contention that the evidence was insufficient to properly identify the narcotics defendant relies upon a statement by officer Hines during the course of his cross-examination that he had no way of being sure that the substance which was produced in open court was the same substance that Banks had given him. The court then asked Hines, "Well, whatever you put in there you turned over to the chemist. Is that correct?" Officer Hines replied, "That's correct." Defendant also relies upon certain statements made by the chemist during the course of his cross-examination. He had testified that he placed an identifying mark on each of the capsules and was asked on cross-examination whether he could identify the fragments which were introduced in evidence as the same narcotics that he had tested. He replied that the capsules were all fragmented and that he would have to use a magnifying glass to find his initials and that he could not at the time of the trial find his identifying marks upon these fragments. Defendant contends that this testimony by Hines and the chemist discloses a fatal weakness in the State's case. It is contended that the State failed to prove that the substance which was admitted in evidence was the same substance as that which was sold to Banks. We are of the opinion that there is no merit in defendant's contention. Officer Hines positively testified that the substance which he received from Banks was placed in an envelope and that this envelope containing that substance was delivered to the chemist. At the trial he identified the second envelope as the envelope he had given to the chemist. His statement that he could not be sure that the evidence produced in court was the same that he had received from Banks means no more than that he had no personal knowledge of what happened to the substance after it was delivered to the chemist. However, the testimony

of the chemist supplied this information and was sufficient to prove that the substance which was admitted in evidence was the same substance which Hines delivered to the chemist, which in turn was the same substance which Hines had received from Banks. The chemist testified that he received a sealed envelope from Hines; that he tested the contents of this envelope and replaced the contents therein; that the envelope containing these contents was returned to Hines; and that the envelope which was produced in court was the same envelope which was delivered to Hines. In view of this positive testimony the testimony of the chemist that he could not find his initials on the fragments has no significance.

The record shows that at the conclusion of officer Hines's testimony there was some discussion between the prosecuting attorney and defendant's counsel and the court as to whether it would be necessary to bring in the police chemist as a witness. From the record it appears that this discussion arose by reason of the fact that prior to trial both attorneys had apparently agreed to stipulate as to the chemist's testimony, but at the close of the State's case defense counsel indicated that he could not so stipulate. The State's Attorney announced surprise and the court stated that the case would be continued until the next morning so that the witness could be brought in. A colloquy followed concerning the testimony of Hines and its effect upon the previously proposed stipulation. Three times the court stated that the case would be continued, stating on the third occasion, "Bring him in tomorrow morning. All right. It's just a waste of time."

Defendant contends that this remark by the judge showed that he had already determined that defendant was guilty before all the evidence had been heard and constituted a prejudgment. We cannot agree with this contention. Counsel is taking the phrase out of context and is attributing to it an entirely different meaning than that

intended. When considered as a part of the somewhat lengthy discourse it becomes readily apparent that the court was of the opinion only that it would be a waste of time to continued the discussion as to what effect Hine's testimony would have on the chemist's, that the most expeditious way to solve that would be to bring in the witness the next day. The discussion was thus brought to an end. Defendant's charge of prejudice is not supported.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*